**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1464
_____

UNITED STATES OF AMERICA

v.

HORACE HENRY,
a/k/a Dale R. Morgan, a/k/a Sadekie White,
a/k/a Metro, a/k/a Kevon Haynes, Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-19-cr-00231-001)
District Judge:  Honorable Matthew H. Brann
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 13, 2023
_____

Before:  JORDAN, PHIPPS, and ROTH, *Circuit Judges*.

(Filed: May 3, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PHIPPS, *Circuit Judge*.

Horace Henry pleaded guilty to conspiracy to commit mail fraud and aggravated identity theft for his role in a scheme to fraudulently order and intercept iPhones. Exercising jurisdiction over those federal offenses, *see* 18 U.S.C. § 3231, the District Court imposed a within-Guidelines-range sentence of 144 months' imprisonment. Through a timely appeal, Henry now challenges two aspects of the calculation of that sentence. *See id.* § 3742(a); 28 U.S.C. § 1291. First, he disputes the application of the organizer-leader enhancement, which resulted in a four-point increase in his total offense level. *See* U.S.S.G. § 3B1.1(a). Second, Henry argues that the loss amount was much less than the $1.34 million found by the District Court, such that his offense level should not have been increased by fourteen points. *See id.* § 2B1.1(b)(1)(H). Reviewing the District Court's factual findings for clear error and its application of the Guidelines to those facts for abuse of discretion, *see United States v. Thung Van Huynh*, 884 F.3d 160, 165 (3d Cir. 2018), we will affirm the judgment of sentence.

## A. The Organizer-Leader Enhancement

The District Court applied the four-point organizer-leader enhancement to Henry's offense level after considering the factors in the Guidelines commentary. *See* U.S.S.G. § 3B1.1(a). Subsequently, this Court construed the organizer-leader enhancement without reference to the factors in the commentary. *See United States v. Adair*, 38 F.4th 341, 349–54 (3d Cir. 2022). *See generally United States v. Nasir*, 17 F.4th 459, 469–72 (3d Cir. 2021) (en banc). Under the resulting interpretation, the terms 'organizer' and 'leader' have different definitions, with 'leader' referring to "a person with high-level directive power or influence over criminal activity." *Adair*, 38 F.4th at 354. But even under that definition, the factual record here sustains the District Court's application of

2

the enhancement. *See Thung Van Huynh*, 884 F.3d at 165 (explaining that the clear-error and abuse-of-discretion standards merge when the Guidelines provide a "predominantly fact-driven test" (quoting *United States v. Richards*, 674 F.3d 215, 223 (3d Cir. 2012))).

Several facts before the District Court support the finding that Henry had high-level directive power or influence over the criminal activity. The record contains evidence that Henry set up fraudulent customer accounts to order iPhones. He also picked up coconspirators from New York City and drove them to State College, Pennsylvania, staying overnight at least once. While there, he monitored the deliveries of fraudulently ordered iPhones for his coconspirators to retrieve. Because sometimes his coconspirators would have to submit proof of identification to the delivery drivers, Henry provided them with false identifications. At least once, he split the group into teams to collect packages. Also, he recruited one of the seven participants, and he instructed that coconspirator to rent the vehicles used to retrieve the fraudulently ordered iPhones. In addition to his oversight responsibility for intercepting the fraudulently ordered iPhones, Henry would deliver the retrieved iPhones to an individual in New York for sale abroad.

Henry contests the conclusion that he was a leader. He argues that he was merely a driver. But it was not clear error for the District Court to find that Henry's involvement in the conspiracy – although it involved driving – went well beyond that function. Henry further contends that he could not be a leader because another individual set up the fraud scheme before he joined. But that does not foreclose Henry from being a leader of the conspiracy, as there can be multiple leaders or organizers for coordinated criminal activity. *See Adair*, 38 F.4th at 352 (recognizing that criminal activity can involve multiple organizers and leaders). Considering the record, the District Court did not abuse its discretion in concluding Henry acted as a leader of a seven-person scheme predicated

on identity theft and the collection of fraudulently ordered iPhones, which Henry oversaw.

### B. Loss Calculation

Henry also disputes the District Court's calculation of the loss amount for this fraud scheme. *See* U.S.S.G. § 2B1.1(b)(1)(H). He argues that the District Court should have excluded from its calculation those losses that occurred during a six-month period when he did not actively participate in the conspiracy. But the loss amount includes acts within the scope of the jointly undertaken criminal activity in furtherance of the criminal activity and reasonably foreseeable in connection with the criminal activity. *See id.* § 1B1.3(a)(1)(B). And consistent with his role as a leader, Henry did not limit his involvement in the conspiracy's scope with respect to the personal information of 390 individuals that was used to order or attempt to order over 1,600 iPhones. Because Henry had access to that information and used at least some of it, it was not an abuse of discretion to view the losses associated with those iPhones as a reasonably foreseeable consequence of the conspiracy that Henry orchestrated, for purposes of calculating the loss amount.[1]

\* \* \*

For the foregoing reasons, the judgment of sentence of the District Court will be affirmed.

---

[1] The District Court sentenced Henry before this Court's decision in *United States v. Banks*, 55 F.4th 246 (3d Cir. 2022), and any error by the District Court in not limiting the loss amount to actual losses consistent with that opinion, *see id.* at 258, is harmless here because the actual losses still exceed the $550,000 threshold for the fourteen-point increase in Henry's offense level, *see* U.S.S.G. § 2B1.1(b)(1)(H).